UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TINAMARIE LOPEZ,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　　　　　Respondents. | Case No. 2:19-cv-00657-KJD-VCF<br><br>ORDER |

Petitioner, Tinamarie Lopez, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The court has reviewed the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 and concludes that the petition shall be dismissed without leave to amend.

Rule 4 provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. *See Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague,

conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

According to her petition, Lopez was convicted in state court of armed robbery with use of a deadly weapon and received a sentence of 4 to 10 years imprisonment. The only claim she raises in her petition is that the Nevada Department of Corrections (NDOC) has misapplied state law "to restrict me from earning statutory good time credits." ECF No. 1 at 6.

On its face, Lopez's petition suffers from at least two defects that preclude this court from granting relief. First, habeas review in federal court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Federal habeas relief is not available "to reexamine state-court determinations on state-law questions." *Id.* Thus, Lopez's lone claim alleging that NDOC has failed to comply with state law in administering her sentence is not cognizable in a federal habeas proceeding.

Second, Lopez indicates that she has sought state-court relief in relation to her sentence, but the state proceeding is still "pending." ECF No. 1 at 6. A prisoner seeking relief from a state conviction or sentence via a federal writ of habeas corpus first must exhaust his state court remedies before presenting her constitutional claims to the federal courts. 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). The exhaustion requirement insures that

the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Because Lopez's petition does not state a cognizable claim for federal habeas relief and she has yet to exhaust her state-court remedies, the petition will be dismissed without leave to amend.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus (ECF No. 1) is DISMISSED without leave to amend. The Clerk shall enter judgment accordingly.

IT IS FURTHER ORDERED that the court declines to issue a certificate of appealability.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of the petition and this order on the respondents via the Nevada Attorney General.

DATED THIS 22 day of April, 2019.

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE